## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**JAMES C. STRADER,**

     **Plaintiff,**

     v.                                   **CASE NO. 24-3081-JWL**

**(FNU) (LNU), Kansas Department of**
**Corrections Staff, et al.,**

     **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff, James C. Strader, who is currently incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas ("HCF"), brings this pro se civil rights case. Plaintiff purports to bring an "Employment Discrimination Complaint." (Doc. 1.) However, his allegations in his Complaint are largely incomprehensible and appear to relate to his conditions at HCF, the El Dorado Correctional Facility, and the Lansing Correctional Facility.

On June 21, 2024, the Court entered a Memorandum and Order (Doc. 3) denying Plaintiff leave to proceed in forma pauperis, finding Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). The Court examined the Complaint and attachments and found no showing of imminent danger of serious physical injury. The Court also granted Plaintiff until June 21, 2024, to submit the $405.00 filing fee.

Plaintiff has failed to submit the filing fee by the Court's deadline. Instead, he has filed a letter to the Clerk (Doc. 4) and a Motion to Stay Case (Doc. 5). In his letter to the Clerk, Plaintiff expresses confusion as to why his filing fee was only $5 in Case No. 24-3080, but it is $405 in this case. (Doc. 4, at 1.) Case No. 24-3080 is a petition for writ of habeas corpus. The instant case is a civil action. Section 1914(a) provides that:

> (a)    The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350, except that on application for a writ of habeas corpus the filing fee shall be $5.

28 U.S.C. § 1914(a).  Thus, as Plaintiff was advised in the Court's Memorandum and Order at Doc. 3, if a person is not granted in forma pauperis status under § 1915, the fee to file a non-habeas civil action includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $55.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.

In his Motion for Stay, Plaintiff continues to express confusion as to "which case is which" in comparing this case and Case No. 24-3080 and the fees required for each case. (Doc. 5, at 1–2.)  Plaintiff also mentions that he has a "Joint Committee Claim," that will not be heard until August to December of 2024.  *Id.* at 2.   Plaintiff also claims that he was treated for a reaction based on a food allergy on May 30, 2024, after he filed this case on May 23, 2024.  *Id.* Plaintiff then mentions a property claim he filed with the facility and that the power to his cell was cut off on June 12, 2024.  *Id.* at 3.

Nothing in Plaintiff's letter or motion shows that he meets the only exception to the prepayment requirement.  "To meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make 'specific, credible allegations of imminent danger of serious physical harm.'"  *Davis v. GEO Group Corr.*, 696 F. App'x 851, 854 (10th Cir. 2017) (unpublished) (quoting *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011)). "Vague and utterly conclusory assertions are insufficient."  *Id.*  The harm must be imminent or occurring at the time the complaint is filed, "allegations of past harm do not suffice."  *Id.* (citations omitted).    The "imminent danger" exception has a temporal limitation—[t]he

exception is construed narrowly and available only 'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate.'" *Lynn v. Roberts*, No. 11-3073-JAR, 2011 WL 3667171, at *2 (D. Kan. Aug. 22, 2011) (citation omitted).  "Congress included an exception to the 'three strikes' rule for those cases in which it appears that judicial action is needed as soon as possible to prevent serious physical injuries from occurring in the meantime.'" *Id.* (citation omitted).

The Court's order provided that "[t]he failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice." (Doc. 3, at 2.) Plaintiff has failed to pay the filing fee by the deadline set forth in the order.

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or 'a court order.'" *Young v. U.S.*, 316 F. App'x 764, 771 (10th Cir. 2009) (citing Fed. R. Civ. P. 41(b)).  "This rule has been interpreted as permitting district courts to dismiss actions *sua sponte* when one of these conditions is met." *Id.* (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).  "In addition, it is well established in this circuit that a district court is not obligated to follow any particular procedures when dismissing an action *without prejudice* under Rule 41(b)." *Young*, 316 F. App'x at 771–72 (citations omitted).

Plaintiff has failed to pay the filing fee by the deadline set forth in the Court's order.  As a consequence, the Court dismisses this action without prejudice pursuant to Rule 41(b) for failure to comply with court orders.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Stay Case (Doc. 5) is **denied.**

**IT IS FURTHER ORDERED** that this action is **dismissed without prejudice** pursuant to Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.

**Dated June 24, 2024, in Kansas City, Kansas.**


**S/  John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**